**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

HUMANETICS INNOVATIVE
SOLUTIONS, INC.,

*Plaintiff,*

v.

Case No.
Honorable

KISTLER INSTRUMENT
CORPORATION, and
KISTLER INSTRUMENTE AG,

*Defendants.*
_________________________________/

# COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND

Plaintiff Humanetics Innovative Solutions, Inc. ("Plaintiff" or "Humanetics"), by its attorneys, for its claims against Kistler Instrument Corporation ("Kistler US") and Kistler Instrumente AG ("Kistler AG"), collectively "Kistler" or "Defendants," alleges as follows:

## NATURE AND SUBSTANCE OF THE ACTION

1. This is an action for infringement of United States Patent No. 9,965,977 ("the '977 Patent") and United States Patent No. 8,622,748 ("the '748 Patent"), collectively the "Asserted Patents," arising under the patent laws of the United States, Title 35, United States Code, Sections 100 et seq.

## PARTIES

2. Plaintiff Humanetics Innovative Solutions, Inc. is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 23300 Haggerty Rd., Farmington Hills, Michigan.

3. Humanetics develops, manufactures, and sells anthropomorphic test devices ("ATDs"), which are also known commonly as crash test dummies, and component parts forming the ATDs, used in automotive safety testing. Humanetics' products include advanced ATDs incorporating spine box and ankle assemblies, amongst other component parts of the ATDs, designed to simulate human biomechanical response under impact conditions.

4. Humanetics competes in the global market for ATDs and component parts for the ATDs used by automotive manufacturers, suppliers, and regulatory bodies.

5. Upon information and belief, Kistler US is a New York corporation having a principal place of business at 30280 Hudson Drive, Novi, Michigan.

6. Upon information and belief, Kistler US markets, distributes, sells, and provides technical support for ATDs and component parts in the United States, including ATDs incorporating spine boxes and ATDs incorporating ankle assemblies used in automotive safety testing.

7. Upon information and belief, Kistler AG is a Switzerland company having its headquarters at Eulachstrasse 22, 8408 Winterthur, Switzerland.

8. Upon information and belief, Kistler AG develops, designs, manufactures, and supplies ATDs and component parts used in automotive testing and safety applications and directs their commercialization in global markets, including the United States.

9. Upon information and belief, Kistler AG directs, controls, and/or ratifies the acts of Kistler US in the United States relating to ATDs incorporating the accused spine box and ATDs incorporating the accused ankle assemblies described herein. Kistler AG develops, manufactures, and/or authorizes the design of the accused ATDs and their component parts, and places those products into the stream of commerce with the expectation and intent that they will be sold throughout the United States, including in this District. Kistler AG further exercises control over marketing, technical specifications, and distribution of the products incorporating the accused spine box and ankle assemblies described herein in the United States, including through Kistler US, such that Kistler US acts as an agent and/or intermediary for Kistler AG with respect to the accused conduct.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 (federal question), and 1338(a) (patent infringement).

11. The Court has personal jurisdiction over Kistler US, at least because Kistler US has a principal place of business at 30280 Hudson Drive, Novi, Michigan and has done business in the State of Michigan and with one or more residents of the State of Michigan (including in this District), including, without limitation, by offering for sale, selling and importing into this District products infringing the Asserted Patents.

12. Upon information and belief, Kistler AG does business in Michigan, directly and through intermediaries, such as Kistler US, and offers products to customers and potential customers in Michigan, including in this Judicial District. Kistler AG's activities are directed to and carried out within this District, including through its control of and coordination with Kistler US as its agent.

13. Venue is proper as to Kistler US under 28 U.S.C. § 1400(b) because Kistler US has committed acts of infringement in this District and maintains a regular and established place of business in this District, namely its place of business at 30280 Hudson Drive, Novi, Michigan. Kistler US's acts of infringement in this District include, without limitation, offering the Accused Products (as defined

herein) for sale at the October 2019 Automotive Testing Expo in Novi, Michigan, and offering for sale and selling the Accused Products to customers located in this District.

14. Venue is proper as to Kistler AG under 28 U.S.C. § 1391(c)(3) because Kistler AG is not a resident of the United States and therefore may be sued in any judicial district, including this one.

## BACKGROUND AND FACTUAL ALLEGATIONS

### A. The Asserted Technology

15. Humanetics develops ATDs designed to improve the biofidelity, repeatability, and performance of human injury simulation in vehicle crashes.

16. These technologies include spine box and ankle assemblies configured to replicate human behavior during impact conditions.

17. These innovations allow ATDs to replicate human responses under collision conditions, including controlled articulation, joint positioning, and loading response.

18. An ATD is a complex system assembled from numerous component parts. Humanetics manufactures the component parts and sells both the component parts and the finished ATD as a complete unit to automotive manufacturers, suppliers, and regulators.

19. Humanetics also sells "upgrade kits" that contain one or more component parts, such as a spine box or an ankle assembly, that are installed into an existing ATD to upgrade that ATD. A given component part therefore may be placed into commerce both as a part of a complete ATD and as part of an upgrade kit, and a sale or offer for sale of either places that component part into commerce.

20. A Test Device for Human Occupant Restraint or THOR is part of a next-generation class of ATDs. Humanetics' ATD platforms include, among others, the THOR-50M ATD for frontal-impact testing, which represents a 50th percentile adult male occupant and is used by automotive manufacturers and regulators to evaluate vehicle safety and restraint systems.

21. A WorldSID-50M ATD ("WS-50M ATD") is likewise an anthropomorphic test device designed to represent a 50th percentile adult male human occupant, but is specifically engineered for side-impact testing scenarios. Humanetics also develops, sells, and offers for sale the WS-50M ATD, as well as upgrade kits including component parts for side-impact testing scenarios.

**B. The Spine Box Patent**

22. Humanetics developed its adjustable lumbar spine assembly, referred to herein as the "Spine Box," to improve the performance of ATD spinal structures.

23. The ’977 Patent, entitled “Adjustable Lumbar Spine Assembly for Crash Test Dummy” issued on May 8, 2018, and was filed on December 28, 2015. The ’977 Patent claimed the benefit of U.S. provisional application no. 62/098,751 that was filed on December 31, 2014. A true and correct copy is attached as Exhibit A.

24. The ’977 Patent is generally directed to an adjustable lumbar spine assembly including:

- an upper member adapted to be operatively connected to an upper thoracic portion of a spine of the crash test dummy;
- a lower member adapted to be operatively connected to a lower thoracic portion of the spine of the crash test dummy;
- an upper abdomen interface; and
- an adjustment mechanism to allow adjustment at different increments of adjustment.

25. Humanetics is the owner of all right, title, and interest in the ’977 Patent.

## C. The Ankle Patent

26. Humanetics developed its ankle assembly, referred to herein as the “Ankle Assembly,” to improve lower-extremity performance in ATDs.

27. The ’748 Patent, entitled “Ankle Assembly for Crash Test Dummy” issued on January 7, 2014, and was filed on December 28, 2011. The ’748 Patent claimed the benefit of U.S. provisional application no. 61/428,565 that was filed on December 30, 2010. A true and correct copy is attached as Exhibit B.

28. The ’748 Patent is generally directed to an ankle assembly for a crash test dummy comprising:

- an ankle clevis assembly for attachment to a leg assembly of the crash test dummy;
- an ankle base assembly for attachment to a foot assembly of the crash test dummy and cooperating with said ankle clevis assembly;
- a fastener to connect said clevis assembly and said ankle base assembly together to allow proper ankle positions for different ankles and also allow friction adjustment to simulate human bracing in impact conditions; and
- a plurality of elastomeric elements disposed between said clevis assembly and said ankle base assembly that allow proper inversion and eversion performance of said ankle assembly.

29. Humanetics is the owner of all right, title, and interest in the ’748 Patent.

**D. The Accused Products**

30. Kistler makes and sells spine boxes, including, for example, Kistler part number 472-3600-DTI (the “Accused Spine Products”), and ankle assemblies (the “Accused Ankle Products” and, together with the Accused Spine Products, the “Accused Products”). Kistler sells the Accused Products in the United States as separate component parts, as part of upgrade kits, and installed in complete ATDs that Kistler sells as a unit, including its THOR-50M ATD and WS-50M ATD.

31. On information and belief, Kistler US imports into the United States, uses, offers for sale, and sells the Accused Products in the United States, including in this District, both as separate component parts and installed in complete THOR-50M ATD and WS-50M ATD, and provides technical support and installation materials for the Accused Products to U.S. customers.

32. On information and belief, Kistler AG designs and manufactures the Accused Products and imports them, or causes them to be imported, into the United States, and offers them for sale and sells them in the United States, including through its subsidiary and agent Kistler US and through Kistler-branded channels directed at U.S. customers.

33. To the extent any infringing act alleged herein is performed by one Defendant and not the other, Plaintiff alleges in the alternative, pursuant to Federal

Rule of Civil Procedure 8(d), that each such act is performed by each Defendant directly and/or by one Defendant as the agent of, at the direction of, and for the benefit of the other, such that the acts of each are attributable to both. Kistler US acts as the agent and/or intermediary of Kistler AG in the United States with respect to the Accused Products, and Kistler AG directs and controls the accused conduct of Kistler US.

**E. Kistler's Initial Infringing Conduct**

34. Upon information and belief, Kistler publicly exhibited and offered for sale a THOR-50M ATD incorporating a spine box at the Automotive Testing Expo held in Novi, Michigan during October 2019.

35. Upon information and belief, Kistler used this exhibition to market, promote, and solicit sales of its THOR-50M ATDs to automotive manufacturers and safety-system companies.

36. Upon information and belief, the exhibited ATDs included spine boxes incorporating:

- an upper member,
- a lower member,
- an upper abdomen interface, and

- an adjustment mechanism cooperating with said upper member and said lower member to allow adjustment at different increments of adjustment,

as recited in the ’977 Patent.

37. Upon information and belief, Kistler’s exhibition and related activities in Michigan constituted acts of offering for sale within the United States of products incorporating the Accused Spine Products.

**F. Pre-Suit Notice of Infringement**

38. On January 13, 2020, Humanetics, through counsel, sent written correspondence to Kistler’s Chief Executive Officer notifying Kistler of infringement of Humanetics’ intellectual property, specifically the ’977 Patent based on Kistler’s October 2019 exhibition in Novi, Michigan.

39. Humanetics demanded that Kistler cease making, using, offering for sale, and selling infringing ATDs and identify customers that had purchased or expressed interest in infringing ATDs.

40. On February 20, 2020, Kistler, through counsel, responded to Humanetics’ notice, acknowledging the allegations but requesting additional detail. Kistler’s response did not dispute that it had exhibited and offered for sale the ATDs and did not commit to cease its infringing activities.

41. On February 21, 2020, Kistler initiated an opposition proceeding against a corresponding European patent relating to the same adjustable lumbar spine assembly.

42. Humanetics continued to investigate Kistler's activities, including patent infringement in the United States and Germany with an increased focus on the infringing activity in Germany.

**G. German Patent Infringement Proceedings of Kistler's Spine Box**

43. On August 31, 2020, Humanetics filed a civil infringement action against Kistler in the District Court of Mannheim, Germany enforcing a German Utility Model Patent corresponding to the Spine Box. Humanetics continued to actively enforce and protect its intellectual property rights.

44. On October 19, 2020, the German complaint was formally served on Kistler, and the litigation proceeded.

45. On December 3, 2020, Kistler filed a response to the German complaint and initiated a cancellation request against the German utility model corresponding to the Spine Box.

46. During 2021, the German proceedings progressed, including:

- a preliminary view issued by the Mannheim Regional Court on March 17, 2021;

- an oral hearing on March 23, 2021, after which the court suspended the infringement proceedings pending the outcome of the cancellation proceeding; and
- continued briefing before the German Patent Office.

47. On October 4, 2022, following further proceedings, the German Patent Office issued a decision canceling the German Utility Model Patent. On November 21, 2022, Humanetics filed a notice of appeal of that decision, and on January 20, 2023, Humanetics filed its appeal brief.

48. On November 27, 2024, the German Federal Patent Court agreed with Humanetics that the Spine Box is patentable and upheld the German Utility Model Patent.

49. Throughout this period, Humanetics remained actively engaged in enforcement efforts and continued to monitor Kistler's activities and investigate ongoing infringement, including activities within the United States.

**H. Kistler's Patent Infringement in the United States of the Spine Box**

50. Since at least the time period following Humanetics' initial notice in January 2020, and as later determined through investigation, upon information and belief, Kistler has made sales and offers for sale of THOR-50M ATDs and

component parts, such as upgrade kits for existing ATDs, to U.S.-based entities over multiple years that included the Accused Spine Products.

51. These U.S. customers include, without limitation, Ford Motor Company, Autoliv, Joyson Safety Systems, and the National Highway Traffic Safety Administration ("NHTSA").

52. Upon information and belief, these sales included complete ATDs, upgrade kits to existing ATDs, and component parts incorporating the Accused Spine Products. Kistler sells its THOR-50M ATD as TH-472-0000, see, for example, https://www.kistler.com/US/en/cp/anthropomorphic-test-devices-th-472-0000/P0001114.

53. Additionally, in October 2024, Kistler issued a Technical Bulletin "THOR-50M SPINE BOX UPDATE" for part number 472-3600-DTI that included views of the spine box along with other identifying information as shown below:

**Updated/new components (fig. 2)**



Figure 2

| Pos | Status | Designation | Description | Qty |
|---|---|---|---|---|
| 1 | Modi-fication | 472-3660-DTI | Lower Thoracic Spine Welded Assembly | 1 |
| 2 | Modi-fication | 472-3691-DTI | Lumbar Spine Pitch change Bottom Plate | 1 |
| 8 | No change | TH-472-3667-K | Zyl-Schr I-6kt M8x12 – ISO4762-12.9 | 2 |
| 9 | New part | - | DTI-Lower Thoracic Spine-M8 Bushing | 2 |
| 10 | New part | - | SHCS M8x18 ISO 4762.12.9 | 2 |
| 11 | New part | - | Spring Lock Washer M8 DIN 6796 | 2 |

54. In the view shown above, an adjustment mechanism cooperates with upper and lower members in a virtually identical manner as the spine box defined in the ‘977 patent. As noted in the adjacent table from Kistler’s Technical Bulletin, Kistler modified some components and added other components to create the virtually identical spine box that infringes the ‘977 patent.

55. Upon information and belief, Kistler’s sales of the spine box, either as a part of a complete ATD or as component parts such as an upgrade kit, to Ford, Autoliv, and Joyson Safety Systems are the same or equivalent to the Kistler spine box shown above.

56. Furthermore, in and around 2023, Kistler provided a presentation titled “THOR-50M SPINE BOX CG VERIFICATION, KISTLER DTI #472-3600 VS. NHTSA AUGUST 2018 #472-3650, #472-3670” to NHTSA comparing Kistler’s spine box 472-3600 to the prior spine box that was approved by NHTSA. Kistler’s presentation shows the spine box 472-3600 positioned in four different angle configurations, 0°, 9°, 12°, -9°, as reproduced below:




57. Upon information and belief, the THOR-50M ATDs sold by Kistler in the United States include an adjustable lumbar spine assembly incorporating:

- an upper member,
- a lower member,
- an upper abdomen interface; and
- an adjustment mechanism cooperating with said upper member and said lower member to allow adjustment at different increments of adjustment,

as recited in the ’977 Patent. *See*, Exhibit C.

58. These activities also include the sale and/or offer for sale in the United States of the Accused Spine Products, including spine boxes such as 472-3600-DTI, or similar spine boxes, (alone or in kits) and any ATDs including the same.

59. On February 24, 2025, Humanetics notified Kistler of the ongoing infringement activity of the spine box, including the infringing offer for sale as shown in the Technical Bulletin. After receiving this demand, Kistler removed the Bulletin without disputing Humanetics' contentions of infringement.

60. Upon information and belief, Kistler derived substantial revenue and profit from these U.S. sales over multiple years, including after receiving notice of infringement.

**I. Kistler's Patent Infringement in the United States of the Ankle**

61. In addition, upon information and belief, Kistler sold a WorldSID-50M ("WS-50M") ATD to Nissan Motor Co. in the United States in or around November 2022, including a product incorporating an ankle assembly. See, for example, https://www.kistler.com/US/en/cp/anthropomorphic-test-devices-w50/P0001618.

62. Upon information and belief, the WS-50M ATD sold to Nissan Motor Co. included an ankle assembly comprising:

- an ankle clevis assembly,
- an ankle base assembly,

- a fastener to connect said clevis assembly and said ankle base assembly together, and
- a plurality of elastomeric elements disposed between said clevis assembly and said ankle base assembly,

as recited in the ’748 Patent. *See*, Exhibit D.

63. These sales expanded the scope of the dispute between the parties and reflected a pattern of Kistler incorporating Humanetics’ patented technologies across multiple ATD platforms and selling those products in the United States.

**J. Ongoing Dispute and Discussions**

64. By April 30, 2025, Humanetics again formally raised infringement concerns with Kistler, including infringement relating to both the ’977 Patent and the ’748 Patent in the United States.

65. These communications referenced, among other things, continued sales and use of the Accused Products, including U.S. sales. Humanetics also noted that Kistler had removed access to an offending technical bulletin relating to the accused spine box following prior communications between the parties.

**K. Resolution Efforts and Lack of Agreement**

66. Following the April 30, 2025, correspondence, Humanetics sought to engage Kistler in business-level discussions aimed at resolving the parties' disputes without litigation.

67. On June 9, 2025, Humanetics proposed dates for a meeting between the parties' leadership teams. Kistler responded that a key decision-maker was unavailable and declined the proposed meeting date, indicating it would follow up later.

68. On June 17, 2025, Kistler again indicated that it was awaiting internal input before advancing discussions. During this period, Kistler did not deny the existence of the dispute and indicated that it was internally evaluating Humanetics' assertions.

69. On July 1, 2025, Kistler provided a response in the form of a proposed framework for resolving the dispute. Despite these exchanges, the parties were unable to reach a resolution.

70. Upon information and belief, throughout this period, including during and after the parties' communications in 2025, Kistler continued to make, use, offer for sale, or sell Accused Products in the United States.

71. Humanetics has complied with the requirements of 35 U.S.C. § 287. To the extent any products of Humanetics practicing the Asserted Patents were sold,

markings were provided as required, and in any event Humanetics provided Kistler with actual notice of Kister's infringement of the '977 Patent on January 13, 2020, and of the '748 Patent on April 30, 2025.

## COUNT I
## Patent Infringement of U.S. Patent No. 9,965,977

72. Paragraphs 1 through 71 are adopted and incorporated herein by reference as is fully set out in this paragraph.

73. Upon information and belief, Defendants have infringed (directly or indirectly), and will continue to infringe, one or more claims of the '977 Patent under 35 U.S.C. § 271(a-c), either literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States the Accused Spine Products, including as separate component parts, in upgrade kits, and installed in crash test dummies. Exhibit C includes exemplary claim charts comparing claims 1 and 11 of the '977 Patent to the Accused Spine Products.

74. Upon information and belief, Defendants infringe the '977 Patent under 35 U.S.C. § 271(a) at least because they take part in offers to sell and sales of the Accused Spine Products, including to at least Ford Motor Company, Autoliv, Joyson Safety Systems, and NHTSA, within the United States.

75. On information and belief, Kistler has actively induced and continues to induce infringement of the '977 Patent under 35 U.S.C. § 271(b). Kistler has had

knowledge of the ’977 Patent since at least January 13, 2020, and in any event no later than the filing and service of this Complaint, and knew or was willfully blind to the fact that the acts it induced constitute infringement. Kistler’s customers, including at least Ford Motor Company, Autoliv, Joyson Safety Systems, and NHTSA, directly infringe the ’977 Patent by using THOR-50M ATDs containing the Accused Spine Products and by installing the Accused Spine Products into ATDs using Kistler’s upgrade kits. With specific intent to encourage that infringement, Kistler performs affirmative acts including selling and offering to sell the Accused Spine Products and upgrade kits to U.S. customers; publishing technical bulletins, datasheets, and product listings, including the “THOR-50M SPINE BOX UPDATE” bulletin for part number 472-3600-DTI, that instruct and encourage customers to incorporate and use the Accused Spine Products; providing installation instructions and technical support for installing the Accused Spine Products into ATDs; and marketing the Accused Spine Products for that use. Kistler continued these acts after receiving Humanetics’ notice of infringement.

76. On information and belief, Kistler contributorily infringes the ’977 Patent under 35 U.S.C. § 271(c) by selling, offering to sell, and importing the Accused Spine Products, including as upgrade kits and as components for installation into ATDs. The Accused Spine Products are a material part of the

inventions claimed in the ’977 Patent and are especially made and adapted for incorporation into THOR-50M ATDs that practice the ’977 Patent. The Accused Spine Products are purpose-built to fit and function within Kistler’s THOR-50M ATDs and are not staple articles or commodities of commerce suitable for substantial noninfringing use. Kistler’s customers directly infringe the ’977 Patent by combining the Accused Spine Products with ATDs and using the resulting ATDs.

77. Upon a reasonable opportunity for discovery, it is anticipated that Plaintiff will identify additional claims of the ’977 Patent infringed by the Accused Spine Products and/or identify additional products made, used, offered for sale, or sold by Defendants that infringe the ’977 Patent.

78. Defendants’ infringement has damaged and continues to damage and injure Humanetics. The injury to Humanetics is irreparable and will continue unless and until Defendants are enjoined from further infringement. Plaintiff is entitled to a permanent injunction preventing Defendants from further infringing the ’977 patent.

79. Defendants have engaged and continue to engage in willful and deliberate infringement of the ’977 Patent. Such willful and deliberate infringement justifies an increase of three times the damages to be assessed pursuant to 35 U.S.C.

§ 284 and further qualifies this action as an exceptional case supporting an award of reasonable attorney's fees pursuant to 35 U.S.C. § 285.

**COUNT II**
**Patent Infringement of U.S. Patent No. 8,622,748**

80. Paragraphs 1 through 79 are adopted and incorporated herein by reference as is fully set out in this paragraph.

81. Upon information and belief, Defendants have infringed (directly or indirectly), and will continue to infringe, one or more claims of the '748 Patent under 35 U.S.C. § 271(a-c), either literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States the Accused Ankle Products, including as separate component parts, in upgrade kits, and installed in crash test dummies. Exhibit D includes exemplary claim charts comparing claims 1 and 12 of the '748 Patent to the Accused Ankle Products.

82. Upon information and belief, Defendants infringe the '748 Patent under 35 U.S.C. § 271(a) at least because they take part in offers to sell and sales of the Accused Ankle Products, including to at least Nissan Motor Co., within the United States.

83. On information and belief, Kistler has actively induced and continues to induce infringement of the '748 Patent under 35 U.S.C. § 271(b). Kistler has had knowledge of the '748 Patent since at least April 30, 2025, when Humanetics

notified Kistler in writing of its infringement of the ’748 Patent, and in any event no later than the filing and service of this Complaint, and knew or was willfully blind to the fact that the acts it induced constitute infringement. Kistler’s customers, including at least Nissan Motor Co., directly infringe the ’748 Patent by using WS-50M ATDs containing the Accused Ankle Products and by installing the Accused Ankle Products into ATDs. With specific intent to encourage that infringement, Kistler sells and offers to sell the Accused Ankle Products and ATDs containing them to U.S. customers, provides installation instructions and technical support, and publishes product listings and materials promoting the Accused Ankle Products for that use. Kistler continued these acts after receiving Humanetics’ notice of infringement of the ’748 Patent.

84. On information and belief, Kistler contributorily infringes the ’748 Patent under 35 U.S.C. § 271(c) by selling, offering to sell, and importing the Accused Ankle Products, including as components for installation into ATDs. The Accused Ankle Products are a material part of the inventions claimed in the ’748 Patent, are especially made and adapted for incorporation into WS-50M ATDs that practice the ’748 Patent, are purpose-built to fit and function within those ATDs, and are not staple articles or commodities of commerce suitable for substantial noninfringing use. Kistler’s customers, including Nissan Motor Co., directly infringe

the ’748 Patent by combining the Accused Ankle Products with ATDs and using the resulting ATDs.

85. Upon a reasonable opportunity for discovery, it is anticipated that Plaintiff will identify additional claims of the ’748 Patent infringed by the Accused Ankle Products and/or identify additional products made, used, offered for sale, or sold by Defendants that infringe the ’748 Patent.

86. Defendants’ infringement has damaged and continues to damage and injure Humanetics. The injury to Humanetics is irreparable and will continue unless and until Defendants are enjoined from further infringement. Plaintiff is entitled to a permanent injunction preventing Defendants from further infringing the ’748 patent.

87. Kistler’s infringement of the ’748 Patent has been and continues to be willful and deliberate. Kistler has had actual knowledge of the ’748 Patent and of its infringement since at least April 30, 2025, when Humanetics notified Kistler in writing that Kistler’s WS-50M ATDs and the Accused Ankle Products infringe the ’748 Patent. Despite that notice, and without disputing Humanetics’ infringement contentions, Kistler continued to make, use, offer for sale, and sell the Accused Ankle Products in the United States. Kistler’s continued infringement after actual notice renders its conduct egregious and warrants enhanced damages under 35

U.S.C. § 284 and a determination that this is an exceptional case under 35 U.S.C. § 285.

## DEMAND FOR RELIEF

Plaintiff respectfully demands that this Court enter judgment:

a. That Defendants have infringed and are infringing one or more claims of Plaintiff's '977 and '748 Patents;

b. Awarding Plaintiff its damages and increasing those damages to three times the amount found or assessed as provided by 35 U.S.C. § 284;

c. A permanent injunction, issued under 35 U.S.C. § 283 enjoining and restraining Defendants, its officers, directors, employees, agents, associates, partners, affiliates, intermediaries, servants, successors and assignees, and any and all persons acting in privity or in concert with the Defendants, from further infringement of the '977 and '748 patents;

d. Declaring this an exceptional case within the meaning of 35 U.S.C. § 285, and awarding Plaintiff its reasonable attorney's fees and costs and disbursements in this action;

e. An award of prejudgment and post-judgment interest; and

f. Granting to Plaintiff such other and further relief as this Court deems reasonable.

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial of all issues so triable.

Respectfully submitted,

**Howard & Howard Attorneys PLLC**

By: */s/ Kristopher K. Hulliberger*
Kristopher K. Hulliberger (P66903)
450 West Fourth Street
Royal Oak, Michigan 48067-2557
Phone: (248) 723-0453
Fax: (248) 723-1568
Email: kkh@h2law.com

*Attorneys for Plaintiff*

Date: August 25, 2026